**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas TURNER, Defendant–Appellant.**

No. 89–2178.

United States Court of Appeals,
Tenth Circuit.

March 20, 1991.

Nancy Hollander of Freedman, Boyd & Daniels, Albuquerque, N.M., for defendant-appellant.

Presiliano A. Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SETH and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Thomas Turner appeals from a judgment entered on his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The plea was conditioned upon his right to appeal the denial of his motion to suppress evidence. Defendant also appeals the sentence he received. He contends that physical evidence seized from him was the result of an illegal detention

and that the statute under which he was sentenced is unconstitutional. We affirm.

Defendant and a passenger were stopped in New Mexico by a state police officer who testified that he observed that defendant's car was going 77 miles-per-hour in a 65 miles-per-hour zone and that defendant was not wearing his seatbelt. The officer asked for defendant's driver's license and vehicle registration. The car was registered to Phoebe Watts of Los Angeles, who, according to defendant, had given him permission to use it. Watts was not the passenger in the car.

The officer ran a check on the car and defendant and began issuing citations for speeding and for not wearing a seatbelt. In the course of his interaction with defendant, the officer noticed that defendant appeared to be nervous. He asked defendant about his destination and occupation. Defendant answered that he was traveling to Oklahoma and that he was an auto mechanic. In observing defendant's appearance, the officer concluded that he was dressed better and had better-manicured hands than an auto mechanic would. The officer based his conclusion in part on his own experience as a mechanic. He also saw an expensive collection of compact discs in the car, which he believed to be beyond the financial means of most mechanics.

The police dispatcher reported to the officer that the NCIC check was negative. The officer then returned the driver's license and the car registration and issued the citations. He asked defendant whether there were any weapons or drugs in the car. Defendant replied that there were not, but the officer observed that defendant became even more distraught. The officer then asked twice if he could search the car and defendant orally consented both times. In the trunk, the officer found a pillowcase containing over 2,000 grams of cocaine base. He then arrested defendant. A later search of the car produced a loaded .45 caliber semi-automatic pistol with one round chambered.

Defendant moved to suppress the evidence seized as the fruit of an illegal detention. The district court denied the motion.

Defendant then entered a conditional guilty plea, specifically reserving the right to appeal the denial of his motion to suppress. The district court sentenced defendant to 120 months in prison on the cocaine count and to a consecutive 60–month term on the weapon count, pursuant to the Federal Sentencing Guidelines.

I

The first issue on appeal is whether the district court erred in denying the motion to suppress. The district court found that defendant voluntarily consented to the search that yielded the cocaine and the gun. Defendant does not challenge this finding but argues that the consent was obtained during an illegal detention.

■ Evidence seized in a search conducted during an illegal detention must be suppressed unless there is sufficient attenuation between the detention and the consent to search. *United States v. Gonzalez,* 763 F.2d 1127, 1133 (10th Cir.1985); *United States v. Recalde,* 761 F.2d 1448, 1457–59 (10th Cir.1985). Either the traffic stop itself or the questioning of defendant about the presence of drugs or weapons in his car might be an illegal detention. Defendant does not claim that the stop was pretextual, and the district court's finding of a valid traffic stop is not clearly erroneous.

■ Defendant does argue that the officer's inquiry was an illegal detention, contending that the officer did not have reasonable and articulable suspicion for the questioning. This Court's recent decision in *United States v. Werking,* 915 F.2d 1404 (10th Cir.1990), controls here.

In *Werking,* we held that once the officer has returned the driver's license and registration in a routine traffic stop, questioning about drugs and weapons or a request for voluntary consent to search may be "an ordinary consensual encounter between a private citizen and a law enforcement official." *Id.* at 1408. In *Werking,* we sharply distinguished *United States v. Guzman,* 864 F.2d 1512 (10th Cir.1988), in which this Court required reasonable and articulable suspicion for such questioning.

*Id.* at 1519–20. In doing so, we noted that the officer in *Guzman* had not returned the license, so the driver was not free to leave. *Werking*, 915 F.2d at 1409. Thus, if the officer retains the driver's license, he or she must have reasonable and articulable suspicion to question the driver about drugs or weapons. *Guzman*, 864 F.2d at 1519–20. However, if the officer returns the license, a driver is illegally detained only if the driver "has an objective reason to believe that he was not free to end his conversation with the law enforcement official and proceed on his way." *Werking*, 915 F.2d at 1408.

In the present case, the district court found that the officer asked about drugs and weapons while returning the license and registration. I R. tab 58 at 4. Although the district court's findings of fact are entitled to considerable deference on review, *United States v. Alonso*, 790 F.2d 1489, 1493 (10th Cir.1986), this finding is clearly erroneous. The record contains nothing to support the finding that the officer asked the questions while handing back the license. The officer stated twice that the inquiry occurred after he returned defendant's license and registration. II R.Supp. 16. Defendant also argues that the inquiry occurred afterward. Brief of Appellant at 8.

Because the officer already had returned defendant's license and registration, we must consider "whether a reasonable person under the circumstances would believe she was not free to leave and/or disregard the official's request for information." *Werking*, 915 F.2d at 1408. Defendant has not raised the issue, presumably because the *Werking* opinion is so recent. Neither did the district court address it. However, we find no evidence in the record of any coercive show of authority, such as the presence of more than one officer, the display of a weapon, physical touching by the officer, or his use of a commanding tone of voice indicating that compliance might be compelled.

Even if defendant could show that a reasonable person would not have believed he were free to leave under the circumstances, it does not follow that the evidence discovered during the ensuing search must be suppressed. The evidence still is admissible if the officer had reasonable and articulable suspicion to justify a *Terry*-type detention. *Guzman*, 864 F.2d at 1519–20. The district court found that the officer had reasonable suspicion of criminal activity. I R. tab 58 at 4. We must accept this finding unless it is clearly erroneous. *Alonso*, 790 F.2d at 1493. The finding is supported by the evidence. The officer observed that defendant appeared nervous. Defendant claimed that he was an auto mechanic, but the officer observed that his hands were well-manicured and did not appear to be in the condition of someone who works as an auto mechanic, a conclusion based on the officer's experience as a mechanic. Defendant's attire and expensive compact disc collection also seemed inconsistent with his asserted occupation. In addition, defendant was driving a car that was not registered to him or to his passenger.

With these specific, articulable facts, the officer had enough to form a reasonable suspicion of criminal activity. That suspicion was sufficient to permit the single question about the presence of drugs or weapons in the car. Defendant's increased nervousness added to the officer's suspicion, justifying the request to search the car. Thus, the investigatory detention, to the extent one existed, was legitimate. We therefore affirm the district court's denial of defendant's motion to suppress.

## II

The second issue on appeal is the validity of the statutory distinction in the sentencing levels for cocaine base and for cocaine in its salt or isomer forms. Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii), which provides that anyone convicted of possession with intent to distribute "50 grams or more of a mixture or substance ... which contains cocaine base" shall be sentenced to no less than ten years in prison and no more than life imprisonment. The same penalty is imposed on someone who possesses with intent to

distribute five kilograms of cocaine. *See id.* § 841(b)(1)(A)(ii). The United States Sentencing Guidelines have adopted the same disproportionate sentencing scheme, treating one gram of cocaine base the same as one hundred grams of cocaine hydrochloride. *See* United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(a)(3) at 2.41–2.47 (Nov. 1990).

Defendant challenges the disproportionate sentencing scheme of the statute and Guidelines as violating Fifth Amendment due process guarantees. He argues that the distinction in penalties for cocaine base and cocaine in its other forms is irrational and that the term "cocaine base," without further definition, is impermissibly vague and invites arbitrary sentencing.

Several circuits have upheld the statute against similar challenges. *See United States v. Avant,* 907 F.2d 623, 625–27 (6th Cir.1990) (sentencing distinction between cocaine base and cocaine does not violate equal protection or Eighth Amendment and term "cocaine base" not shown to be unconstitutionally vague); *United States v. Van Hawkins,* 899 F.2d 852, 853–54 (9th Cir.1990) (term "cocaine base" not unconstitutionally vague and clear enough to prevent law enforcement from acting with unfettered discretion); *United States v. Buckner,* 894 F.2d 975, 978–81 (8th Cir. 1990) (stricter penalties for cocaine base than for cocaine have rational basis and do not violate substantive due process or Eighth Amendment); *United States v. Barnes,* 890 F.2d 545, 552–53 (1st Cir.1989) (term "cocaine base" distinguishable from hydrochloride and not void for vagueness; substance in question was crack, which was intended object of enhanced penalties), *cert. denied,* —— U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990); *United States v. Malone,* 886 F.2d 1162, 1166 (9th Cir.1989) (upholding constitutionality of Congress' "market-oriented approach" to sentencing

that results in 100–to–1 cocaine base-to-cocaine sentencing ratio); *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir. 1989) (rejecting vagueness challenge because term "cocaine base" understood to refer to crack and Congress "intended to enhance penalties for crack dealers"); *United States v. Brown,* 859 F.2d 974, 975–76 (D.C.Cir.1988) (per curiam) (phrase "cocaine base" not vague on its face or with respect to defendant); *United States v. Collado–Gomez,* 834 F.2d 280, 280–81 (2d Cir.1987) (per curiam) (enhanced penalty for cocaine base has rational basis and does not violate due process even if defendant unaware of drug's specific nature), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988).

We join those circuits holding that the different penalties for cocaine base and cocaine in its other forms do not violate due process. As for defendant's vagueness challenge, we need not here attempt to adopt a precise chemical definition of cocaine base. We find that defendant has not established that the term encourages arbitrary and discriminatory enforcement or that it is vague as applied to his conviction and sentence.[1] *See United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975) (vagueness challenge to statute not involving First Amendment examined in light of facts of case at hand).

AFFIRMED.

---

1. Defendant does not contend that what he possessed was inaccurately classified as cocaine base, nor does he present any evidence to support such a conclusion. In fact, his expert testified that differences between cocaine base and other forms of cocaine exist, *i.e.,* that cocaine base is a precipitate formed by removing an acid (e.g., hydrochloric acid) from a salt form (e.g., cocaine hydrochloride), leaving only the basic cocaine. VII R. 36–41, 53–54. Cocaine base and cocaine hydrochloride have different melting points and different molecular weights. *Id.* at 58–60. The expert testified that a chemist can easily differentiate between the two based on their melting points. *Id.* at 78.