963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Duvalier Antonio DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1397.
 United States Court of Appeals, Tenth Circuit.
 May 22, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Duvalier A. Davis appeals the denial of his claim for relief, under 28 U.S.C. § 2255, in which he asserted the district court did not have jurisdiction to try him and that "cocaine base" is a constitutionally vague term. We affirm.
 
 
 3
 Mr. Davis contends that because he was arrested by local police, and not federal agents, federal authorities had no jurisdiction over him. He further asserts he was not arrested for an offense against the United States. The argument is specious.
 
 
 4
 Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), the conduct for which Mr. Davis was indicted, results in the commission of a federal crime. That result is not abrogated because the offender was not arrested by a federal agent. The determinative fact is whether the charged conduct violates a federal law for which a federal grand jury can return an indictment.
 
 
 5
 Mr. Davis confuses the authority granted the Attorney General under 21 U.S.C. § 873 to cooperate with state and local agencies in the investigation of drug offenses with the ultimate power of the federal government to prosecute persons who violate federal law. Even though conduct may constitute either a state or federal crime, the determination to prosecute is discretionary and cannot be denied in the absence of proof of improper motivation. Bordenkircher v. Hayes, 434 U.S. 357 (1978); United States v. Andersen, 940 F.2d 593 (10th Cir.1991).
 
 
 6
 The argument that the term, "cocaine base," is constitutionally vague has been ruled upon by this court already and decided contrary to Mr. Davis' contention. See United States v. Turner, 928 F.2d 956, 960 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 230 (1991).
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3