972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Karriem Ali AKRAM, a/k/a Vincent N. Johnson, a/k/a Kareem,
Defendant-Appellant.
 No. 92-5086.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 24, 1992
Decided: July 29, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 Andrew A. Raptis, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Karriem Ali Akram pled guilty to conspiracy to distribute cocaine base (21 U.S.C. § 841 (1988)), and appeals the sentence imposed on the ground that the statutory penalty structure for cocaine base violates due process and equal protection. We affirm.
 
 
 2
 At the sentencing hearing, Akram made several objections to the sentence calculation which were resolved by the district court. He did not raise the issue presented on appeal, and has thus waived appellate review of the issue.* United States v. Davis, 954 F.2d 182 (4th Cir. 1992).
 
 
 3
 The sentence imposed by the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We have previously held that the penalty structure for crack offenses is rationally related to a legitimate government purpose and does not violate equal protection. United States v. Thomas, 900 F.2d 37 (4th Cir. 1990). Other circuits have held that the penalty structure of § 841 does not violate due process. United States v. Turner, 928 F.2d 956, 959-60 (10th Cir.), cert. denied, 60 U.S.L.W. 3264 (U.S. 1991); United States v. Buckner, 894 F.2d 975, 978-81 (8th Cir. 1990). Therefore, even if we were to review Akram's claim, we would find it utterly lacking in merit