UNITED STATES of America, Plaintiff,

v.

Michael Dwayne HARRIS and Michael Anthony Thurmond, Defendants.

Nos. 92–20016–01, 92–20016–02.

United States District Court, D. Kansas.

Dec. 16, 1992.

Robert S. Streepy, Asst. U.S. Atty., Kansas City, KS, for U.S.

James T. George, Overland Park, KS, for Harris.

David Phillips, Asst. Federal Public Defender, Kansas City, KS, for Thurmond.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On July 17, 1992, defendant Michael Anthony Thurmond filed a motion to declare unconstitutional the sentencing provisions of Title 21, United States Code § 841(b)(1)(A)(iii) and the Sentencing Guidelines as to cocaine base, § 2D1.1. Defendant Michael Dwayne Harris joined in defendant Thurmond's motion. On August 17, 1992, following oral argument on defendants' motion, the court denied defendants' motion for the reasons stated on the record of that hearing. In short, the court was not persuaded that the challenged provisions had been enacted as the result of intentional discrimination against African Americans, which was the basis of the allegations in the motion.

On August 28, 1992, defendants filed a motion for rehearing (Doc. # 129).[1] In conjunction with their motion for rehearing, defendants proffered a statistical model regarding the racial composition of crack and powder cocaine defendants nationally. The lack of such national statistics was one of the factors cited by this court in explaining its denial of defendants' original motion to declare the sentencing statute and guidelines unconstitutional.

Based upon the proffer of evidence presented by defendants regarding the national composition of crack and powder cocaine defendants, this court found it desirable to require an additional evidentiary showing by the government. On October 14, 1992, this court issued an order notifying the parties of the court's intention to treat the defendants' motion for rehearing as a motion for reconsideration and granting the government a period of time to make its own offer of evidence to the court regarding reasons, other than race, that influenced Congress to impose more severe penalties for crimes involving the use of crack cocaine than powder cocaine. The government has subsequently made its offer of evidence, to which defendants have responded. Defendants' motion to reconsider is now ripe for adjudication by this court.[2]

Defendants' motion to declare the sentencing provisions unconstitutional is based on an argument that the enhanced penalties for drug offenses involving cocaine base violate the Equal Protection Clause.[3] Resolution of this matter requires the court to consider what reasons motivated Congress and the Sentencing Commission. In order to demonstrate a discriminatory purpose, defendants must demonstrate that Congress "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects against an identifiable group." McCleskey v. Kemp, 481 U.S. 279, 298, 107 S.Ct. 1756, 1770, 95 L.Ed.2d 262 (1987). For this claim to prevail, defendants would have to prove that Congress enacted or maintained the enhanced penalties for drug offenses involving cocaine base because of an anticipated racially discriminatory effect. Id.

The starting point to evaluate whether the sentencing provisions are violative of the Equal Protection Clause is the language of the provisions themselves. The provisions are not discriminatory on their face. They purport to have equal application to whoever might become involved with the sale of cocaine in its powder form or cocaine in its rock form (commonly known as crack or cocaine base). Addition-

1. Defendant Harris also filed a motion to set aside sentence pursuant to 28 U.S.C. § 2255 on October 28, 1992 (Doc. # 133). The § 2255 motion involves the identical issues presented in the motion for rehearing. The court will therefore rule on defendant Harris' § 2255 motion simultaneously with its ruling on the motion for rehearing.

2. None of the parties have requested additional oral argument on the matter. The court is well aware of the legal arguments made by the parties at the original hearing and the court believes no purpose would be served at this time by additional oral argument.

3. The court finds no validity to defendants' arguments to the extent they attack the enhanced sentencing provisions for drug offenses involving cocaine base on due process or vagueness grounds. The Tenth Circuit specifically approved the enhanced penalties for drug offenses involving cocaine base against attacks on those grounds in United States v. Turner, 928 F.2d 956, 960 (10th Cir.1991).

ally, there is no direct evidence of intent to racially discriminate.[4]

Because the sentencing provisions are neutral on their face and there is no direct evidence of an intent to discriminate, the court must turn to circumstantial evidence. The defendants' only evidence is the inferences to be drawn from their statistics arguably showing disparate impact. For the purposes of defendants' motion to reconsider, the court assumes the validity of the statistics proffered by the defendants. Those statistics indicate that 95% of federal crack cocaine prosecutions are brought against African American defendants while 40% of cocaine powder prosecutions are brought against whites. This evidence shows a disparate sentencing *impact* on blacks and whites by virtue of the disparity between the sentencing provisions for comparable quantities of crack versus powder cocaine. That arguably provides some evidence from which one could infer that Congress acted with discriminatory intent in creating the disparity.[5]

The government has presented evidence to the contrary. Its evidence is that Congress was motivated to establish stricter sentencing guidelines for drug offenses in-volving cocaine base due to its highly addictive nature, its growing availability and use, and its relatively low cost. The government's proffered evidence includes testimony given in Senate subcommittee hearings by Charles R. Schuster, Ph.D.[6] and Robert Byck, M.D.,[7] and statements made by Senator D'Amato and Representatives Gilman and Dorgan.[8]

Following a thorough review of the evidence presented by the parties and applicable legislative history,[9] this court simply remains unpersuaded, as a matter of fact, that Congress intended to discriminate against blacks when it adopted harsher penalties for drug offenses involving cocaine base. The court simply cannot conclude from statistical evidence of impact, alone, that Congress intended to discriminate against African American defendants based on race.[10] The government has produced race neutral reasons for the disparity, which include the highly addictive nature of crack, its growing availability and use, and its relatively low cost, which are more compelling arguments for the disparate sentencing guidelines than that Congress decided it was going to invidiously discriminate against blacks. The court finds that the statistical evidence provided

---

**4.** The court places no great emphasis on the fact that there is no direct evidence of intent to racially discriminate. In fact, it is difficult to conceive of a situation where direct evidence of intent to discriminate would be present in a case of this type.

**5.** The U.S. Supreme Court seemingly has given little weight to the argument that discriminatory intent can be inferred from discriminatory impact. *See Personnel Admr. v. Feeney,* 442 U.S. 256, 272, 99 S.Ct. 2282, 2292–93, 60 L.Ed.2d 870 (1979). *For the purpose of this motion,* however, the court gives the defendants the benefit of such an inference, although it does not find that inference convincing in the totality of the circumstances.

**6.** Dr. Charles R. Schuster was the Director of the National Institute on Drug Abuse at the time he testified before the Senate subcommittee.

**7.** Robert Byck, M.D. was a professor of psychiatry and pharmacology at the Yale University School of Medicine in New Haven, Connecticut at the time he testified before the Senate subcommittee.

**8.** The statements by Senator D'Amato and Representatives Gilman and Dorgan are contained at 132 Cong.Rec. S8092 (Daily Ed. June 20, 1986); 132 Cong.Rec. 22,665 (1986); and 132 Cong.Rec. 22,991 (1986) respectively.

**9.** Thorough discussions of the legislative history involving the sentencing disparity between powder and crack cocaine drug offenses are contained in *United States v. Lawrence,* 951 F.2d 751 (7th Cir.1991) and *United States v. Buckner,* 894 F.2d 975 (8th Cir.1990).

**10.** Defendants argue that their proffered statistics alone are sufficient for a finding that Congress acted with discriminatory intent, relying on *Gomillion v. Lightfoot,* 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960) and *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). This court finds the present case distinguishable. In both *Gomillion* and *Yick Wo* there was no other conclusion that a rational person could have drawn other than that the intention of the government's action was to racially discriminate. In this case, there are other race neutral motivations as to why Congress and the Sentencing Commission designed different kinds of punishments for the sale of cocaine powder and the sale of crack.

by defendants, particularly in light of the race neutral reasons advanced by the government for the sentencing disparity, is simply not sufficient to show that Congress enacted the more severe crack penalties, or allowed them to remain in effect, "to further a racially discriminatory purpose." *See McCleskey v. Kemp*, 481 U.S. 279, 298, 107 S.Ct. 1756, 1770, 95 L.Ed.2d 262 (1987). Accordingly, the court rejects defendants' equal protection argument.[11]

IT IS, THEREFORE, BY THE COURT ORDERED THAT defendants' motion for rehearing (Doc. # 129) and defendant Harris' motion to set aside sentence pursuant to § 2255 (Doc. # 133) are denied.

IT IS SO ORDERED.

---

**11.** See also *United States v. Easter,* 981 F.2d 1549 (10th Cir.1992), in which the court of appeals rejected that same argument on a plain constitutional error analysis where statistical evidence of disparate impact was the sole basis of defendant's belated challenge.