**UNITED STATES COURT OF APPEALS**
**Filed 2/21/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

WILLIAM WRIGHT,

                Defendant - Appellant.

No. 95-7092
(D. Ct. No. CR-95-2-S)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge; **TACHA** and **EBEL**, Circuit Judges.

William Wright pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court accepted the plea and sentenced Wright to a term of 37 months, three years of supervised release, and a special assessment of $50.00. Wright appeals that sentence as excessive, claiming that the penalty provisions of 21 U.S.C. § 841(b)(1)(B) establish a scientifically meaningless distinction between "cocaine" and "cocaine base" and thus the distinction must be ignored by operation of the rule of lenity.

We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. McAlpine, 32 F.3d 484, 487-88 (10th Cir.), cert. denied, 115 S. Ct.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

610 (1994). We have repeatedly held that the distinction between cocaine base and cocaine is a rational one. United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir.), cert denied, 116 S. Ct. 218 (1995); United States v. Smith, 24 F.3d 1230, 1235 (10th Cir.), cert. denied, 115 S. Ct. 270 (1994); United States v. Thurmond, 7 F.3d 947, 950-53 (10th Cir. 1993), cert. denied, 114 S. Ct. 1311 (1994); United States v. Turner, 928 F.2d 956, 959-60 (10th Cir.), cert denied, 502 U.S. 881 (1991). The distinction between the two forms of the drug is based on a policy choice made by Congress. "Congress provided for enhanced penalties for cocaine base offenses because cocaine base (1) has a more rapid onset of action, (2) is more potent, (3) is more highly addictive, (4) is less expensive than cocaine powder, and (5) has widespread availability." Thurmond, 7 F.3d at 952-53. The distinction has a rational basis, and is clear enough that it does not implicate the rule of lenity. For these reasons, the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge