# UNITED STATES COURT OF APPEALS

Filed 4/18/96

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAYMOND B. WALKER,

    Defendant-Appellant.

No. 95-3303
(D.C. No. 94-CR-40058)
(Dist. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

Raymond B. Walker pled guilty to one count of possession with intent to distribute approximately 9.8 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, Mr. Walker argued to the district court that section 841(b)(1)(B) is unconstitutional to the extent that it requires a mandatory minimum sentence of five years for those convicted of possessing five or more grams of cocaine base. The district court rejected this argument and sentenced Mr. Walker to sixty months in prison. Mr. Walker renews this argument on appeal. We affirm.

We review the constitutionality of a statute de novo. United States v. Bolton, 68 F.3d 396, 398 (10th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996). Mr. Walker contends that the penalty provision under which he was sentenced violates equal protection and due process because it punishes the possession of cocaine base much more severely than the possession of cocaine powder, thereby having an unduly and highly disproportionate impact on racial minorities. Mr. Walker recognizes that we have decided these issues adversely to his position. See, e.g., United States v. Easter, 981 F.2d 1549, 1558-59 (10th Cir. 1992)(disparity does not violate equal protection), cert. denied, 508 U.S. 953 (1993); United States v. Turner, 928 F.2d 956, 959-60 (10th Cir.)(disparity does not violate due process), cert. denied, 502 U.S. 881 (1991). However, he urges that we reconsider our prior rulings in light of the Sentencing Commission's Special Report to the Congress: Cocaine and Federal Sentencing Policy, which recommends eliminating the disparity in

treatment between cocaine base and cocaine powder.[1]

Mr. Walker has presented nothing to undermine our prior decisions holding that the penalty provision does not violate the Constitution. While the report recognizes the disproportionate racial impact resulting from the disparity and recommends that it be eliminated, that disproportionate impact has already been considered in the opinions upholding the statute's constitutionality. The fact that the Commission believes it did not adequately consider the disproportionality in formulating the guideline corresponding to section 841(b)(1)(B) likewise does not inform the legal question of whether the statute itself is unconstitutional.[2] Accordingly, we see no ground for revisiting our prior conclusion that the statute in its present form does not offend the Constitution.

AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] Mr. Walker's motion for initial en banc consideration of this issue has been denied in a separate order.

[2] We note that Congress has rejected the Commission's recommendation that cocaine powder and cocaine base be treated exactly the same for sentencing purposes.