**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BERNARD J. COLLINS,

    Defendant-Appellant.

No. 98-3111

(D.C. No. 97-CR-20047)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

---

A jury convicted Defendant-Appellant Bernard J. Collins of possessing with intent to distribute approximately 262 grams of cocaine base and 882 grams of cocaine powder in violation of 21 U.S.C. § 841(a)(1) (Count I); attempting to distribute approximately 28.6 grams (one ounce) of cocaine base in violation of 21 U.S.C. § 846 (Count II); and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

(Count III).  The district court sentenced Defendant to 322 months imprisonment, consisting of 262 months on the first two counts, to run concurrently, and 60 months on the third count, to run consecutively.  On appeal, Defendant argues that (1) the first two counts of the indictment were multiplicitous; (2) the court improperly admitted Rule 404(b) evidence at trial; (3) the evidence was insufficient for sentencing purposes to prove the presence of cocaine base; and (4) the cocaine base/cocaine powder sentencing differential violates due process.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm.

The historical facts are largely undisputed.  A police informant set up a purchase of one ounce of cocaine base from Defendant.  Upon Defendant's arrival at the informant's home, authorities arrested him.  During Defendant's apprehension, a police officer observed Defendant drop a plastic bag containing an off-white rock substance.  The bag contained approximately one ounce of cocaine base.  Officers also recovered a gun, a pager, and over $70,000 in cash from Defendant.  A search of Defendant's vehicle revealed an additional 262 grams of cocaine base and 882 grams of cocaine powder.  The indictment against Defendant followed.

Defendant first argues that Counts I and II of the indictment were multiplicitous, and thus he was subjected to multiple punishments arising from the same criminal behavior in violation of the Double Jeopardy Clause.  See U.S. Const. amend. V.  We review claims of multiplicity de novo.  United States v. Segien, 114 F.3d 1014, 1022

2

(10th Cir. 1997). Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. The threat of multiple convictions and sentences for the same offense raises double jeopardy concerns. United States v. Johnson, 130 F.3d 1420, 1424 (10th Cir. 1997).

Defendant's claim that the two instances of criminal conduct charged in Counts I and II of the indictment constitute only one crime has little merit. Count I of the indictment charged Defendant with possessing with an intent to distribute a large quantity of cocaine base and cocaine powder which authorities located inside his vehicle following his arrest, in violation of 21 U.S.C. § 841(a)(1). Count II charged Defendant with attempting to distribute a smaller quantity of cocaine base which Defendant dropped from his person upon his arrest, in violation of 21 U.S.C. § 846. The one ounce of cocaine base which Defendant dropped was the type and amount Defendant had previously agreed to distribute to the informant.

The facts of this case clearly indicate that on the date of his arrest, Defendant attempted to distribute one ounce of cocaine base to the informant. Defendant meanwhile possessed the much larger quantity of cocaine base and cocaine powder located in his vehicle for distribution at a later time. Thus, despite the temporal proximity of Defendant's criminal conduct, his attempt to immediately distribute one ounce of cocaine base to the informant, and his possession with the intent to distribute the much larger quantity of cocaine base and powder at a later time, constitute separate crimes

chargeable under separate criminal statutes. Compare United States v. Palafox, 764 F.2d 558, 560 (9th Cir. 1985) (en banc) (where defendant distributed a sample of drugs and retained the remainder for the purpose of making a further immediate distribution to the same recipient at the same place and time, defendant could be punished for only one criminal act). Accordingly, we reject Defendant's argument that Counts I and II of the indictment were multiplicitous.

Defendant next argues that the district court erred when pursuant to Fed. R. Evid. 404(b), it allowed the government to introduce evidence of his 1989 conviction for conspiracy to possess crack cocaine. We review admission of evidence under Rule 404(b) for an abuse of discretion. United States v. Lazcano-Villalobos, 175 F.3d 838, 846 (10th Cir. 1999). Four requirements must be met before evidence of other crimes is admissible: (1) the evidence must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the unfair prejudice to defendant must not substantially outweigh the evidence's probative value; and (4) upon request, a limiting instruction must be tendered. Huddleston v. United States, 485 U.S. 681, 691-92 (1988). Defendant challenges the district court's determination that evidence of his conviction was relevant and its probative value was not substantially outweighed by its prejudicial impact.

At trial, Defendant claimed he was a pawn in the informant's operation and all the cocaine in his vehicle belonged to the informant. The district court ruled that evidence of Defendant's prior conviction was relevant for the purpose of showing opportunity. See

Fed R. Evid. 404(b) (evidence of other crimes may be admissible to show opportunity). The district court reasoned that Defendant's prior conviction proved he had other sources from which he could obtain cocaine. The court concluded: "It isn't an opportunity to distribute that we're talking about. We're talking about the source issue." Consistent with Huddleston, the district court also applied Fed. R. Evid. 403 and ruled that the potential prejudice to Defendant did not substantially outweigh the evidence's probative value. Finally, the court tendered an appropriate limiting instruction to the jury. Given its careful application of Huddleston, we cannot say on the record before us that the district court abused it's discretion in allowing the Rule 404(b) evidence.

Thirdly, Defendant argues that because the government failed to present evidence regarding the presence of baking soda within the cocaine base, the evidence was insufficient to establish that he possessed cocaine base as opposed to cocaine powder. Thus, Defendant claims we should vacate his sentence on Counts I and II and remand for application of the less harsh cocaine powder guideline. See U.S.S.G § 2D1.1(c) (equating one gram of cocaine base to 100 grams of cocaine powder). At sentencing, the government need only prove by a preponderance of the evidence that cocaine within a defendant's possession constitutes cocaine base. United States v. Brooks, 161 F.3d 1240, 1248 (10th Cir. 1998) (where the evidence at trial demonstrated by a preponderance of the evidence that the substance was "street-form crack," the district court properly calculated defendant's base offense level premised on the distribution of cocaine base). We review

5

the district court's factual finding that a challenged substance constitutes cocaine base only for clear error. United States v. Bencomo-Castillo, 176 F.3d 1300, 1303 (10th Cir. 1999).

In Brooks, 161 F.3d at 1247-49, we squarely rejected the proposition that before the district court may properly find a substance constitutes cocaine base, the government must present evidence that the substance contains sodium bicarbonate or baking soda. Brooks controls here. In this case, the government presented the testimony of a DEA chemist who conducted a series of tests on the cocaine. Based upon those tests, the chemist concluded that the challenged substance was cocaine base. The district court did not err in its finding that the evidence was sufficient to establish the substance as cocaine base. See id. at 1247.

Finally, Defendant argues that the cocaine base/cocaine powder sentencing differential violates the due process guarantees of the Fifth Amendment. See U.S. Const. amend. V; U.S.S.G. § 2D1.1(a). This argument has long been foreclosed by circuit precedent. E.g., United States v. Turner, 928 F.2d 956, 959-60 (10th Cir. 1991) (holding that different penalties for cocaine base and cocaine in other forms do not violate due process). Absent en banc review, we are not empowered to alter that precedent. See United States v. Nichols, 169 F.3d 1255, 1261 (10th Cir. 1999) (one

panel cannot overrule the judgment of a prior panel of the court).

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge