**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 2001**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EMORY JOURDAN,

Defendant - Appellant.

No. 00-3323

(D. Kansas)

(D.C. No. 99-CR-10150-01-WEB)

### ORDER AND JUDGMENT[*]

Before **EBEL** and **HALL**,[**] Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant Emory Jourdan appeals the decision of the district court denying his motion to suppress. Jourdan was a passenger in a vehicle driven by Lynsford Hutchinson.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Cynthia Holcomb Hall, Senior Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

Hutchinson consented to a search of his vehicle by the Kansas highway patrol; the search uncovered several bundles of marijuana. Jourdan filed a motion to suppress the contents of the search. The district court denied his motion. We have jurisdiction over the district court's final order under 18 U.S.C. § 1291 and we affirm.

FACTS

On October 23, 1999, two Kansas highway patrolmen noticed a tractor-trailer heading east on Interstate 70. The troopers noted that the truck was in violation of Kansas law because it did not have a gross weight listing posted on its side. They stopped the truck. Trooper Doug Rule talked to the driver, Lynsford Hutchinson, and saw that Jourdan, the defendant, was in the truck as well. Trooper Rule's questioning of Hutchinson and an inspection of the truck's log book revealed that Hutchinson had exceeded the number of hours that he could drive without resting. Rule advised Hutchinson to stop at the next truck stop in Hays, Kansas for rest. The troopers then released the truck and left in their patrol car while the truck was still parked along the side of the highway.

Approximately fifteen minutes later, the troopers were in the parking lot of the Golden Ox Truck Stop in Hays, Kansas when they observed the same truck. This time they saw that the truck was parked and that Hutchinson, Jourdan, and a third man were exiting the truck. Rule deemed it unusual for such a truck to be carrying more than two

persons. Rule parked his vehicle about 20 feet away from the truck, got out of his vehicle, and approached Hutchinson. He asked Hutchinson if he had permission from his employer to have two other occupants with him in the truck. Hutchinson conceded that he did not have permission. Rule told Hutchinson that this was a violation of the law, but that it was okay and that he should have a safe trip. Rule then asked for consent to search the truck's cab. Hutchinson said "okay," but had to go into the truck stop to retrieve the keys to the truck from one of his companions.

Upon Hutchinson's return, Rule entered the cab and noticed a strong smell of air freshener. He observed a duffel bag and opened it to discover a revolver. Continuing his search, Rule pulled up the bed on the bottom sleeper berth and noticed several bundles of marijuana. Hutchinson, Jourdan, and the third rider were arrested. Hutchinson and Jourdan admitted to transporting the marijuana from Los Angeles to Baltimore for a fee of $3,000.00.

Hutchinson testified that he believed that he was not free to deny the trooper's request to search his truck. Hutchinson said that the earlier warning about being over the minimum rest requirement, the placement of the troopers' vehicle in front of his truck, and the presence of a narcotics dog in the troopers' vehicle led him to conclude that he had no choice but to let Trooper Rule into his truck. Jourdan moved to suppress the search, but the district judge denied his motion, concluding that Hutchinson freely consented to the search. Jourdan filed a conditional guilty plea, was sentenced, and then

3

filed this appeal.

DISCUSSION

This court evaluates the factual findings involved in a district court's denial of a motion to suppress for clear error. The ultimate determination of whether a search was reasonable under the Fourth Amendment is reviewed de novo. See United States v. Long, 176 F.3d 1304, 1307 (10th Cir. 1999).

Jourdan does not argue that the initial stop was invalid. The only question is whether Trooper Rule's search of the truck upon his second encounter with Hutchinson was valid, i.e., whether Hutchinson's consent to the search was knowing and voluntary.

There are two ways an officer can question a driver after a traffic stop without running afoul of the Fourth Amendment. The first is when the officer acquires a reasonable suspicion during the course of the traffic stop; the second is when the discussion between the officer and the driver after the traffic stop is consensual. See United States v. Elliott, 107 F.3d 810, 814 (10th Cir. 1997).

We agree with the district court that the search was the product of a consensual encounter. "A consensual encounter between police and a private citizen occurs when there is voluntary cooperation by the private citizen in response to non-coercive questioning by the police officer." United States v. Morin, 949 F.2d 297, 300 (10th Cir. 1991). There is no evidence that Trooper Rule approached Hutchinson in a threatening

4

manner. In fact, Trooper Rule told Hutchinson that he would not do anything about the extra passengers in his cab and told him to have a safe trip. As noted by the district court, Trooper Rule's manner was so unthreatening that Jourdan and the other passenger felt free to continue walking into the truck stop when he arrived.

Jourdan is wrong to argue that Hutchinson was involuntarily detained. Although Trooper Rule's car was parked in front of Hutchinson's truck, it was at least 20 feet away and was not blocking the truck's path. It is significant that all of Hutchinson's documents were returned to him after the initial traffic stop. See Elliot, 107 F.3d at 814 (stating that an encounter cannot be consensual if the law officer is holding on to the driver's documents). The presence of more than one officer can represent a coercive show of authority that makes the encounter non-consensual, but Trooper Rule approached by himself. See id. Jourdan offers no evidence that Trooper Rule took his narcotics dog with him when he approached Hutchinson so we fail to see how the dog's presence would have made Hutchinson believe that he was not free to leave. We have indicated that other factors–the display of a weapon, physical touching by an officer, or use of a commanding tone–might make an encounter non-consensual, but none of those are at issue here. See United States v. Turner, 928 F.2d 956, 959 (10th Cir. 1991). Given these facts, we do not find the district court's holding that a reasonable person would have realized that he was free to decline Trooper Rule's request to search to be clearly erroneous.

Accordingly, the judgment of the United States District Court for the District of

5

Kansas is AFFIRMED.

Entered for the Court


Cynthia Holcomb Hall
Circuit Judge