**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WALLACE RAYMOND CROOKS,
also known as Ray Ray,

Defendant-Appellant.

No. 02-1474
(D.C. No. 00-CR-439-S)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Wallace Raymond Crooks appeals his conviction and sentence for

conspiracy to possess with intent to distribute crack cocaine. Mr. Crooks' counsel

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moves for

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

leave to withdraw as counsel. We grant the motion to withdraw and dismiss the appeal.

Mr. Crooks was indicted by a federal grand jury in Colorado along with nineteen co-defendants. He was charged with one count of conspiracy to possess with intent to distribute in excess of fifty grams of crack cocaine. He waived jury trial and was tried to the court. Mr. Crooks was convicted after a trial which lasted three days and included testimony from ten witnesses, four of whom had originally been charged as co-defendants. He filed no objections to the Presentence Investigation Report and was sentenced to 360 months imprisonment.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of the proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744. Counsel provided Mr. Crooks with a copy of his appellate brief. Mr. Crooks in turn filed a pro se appellate brief.

Mr. Crooks' counsel meticulously chronicled the evidence presented at trial and determined there was no argument to be made based on the sufficiency of that

evidence. Viewing that evidence in the light most favorable to the government and inquiring only whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt, we agree with Mr. Crooks' counsel that a sufficiency-of- evidence argument would be frivolous in this case. The witness testimony was ample regarding Mr. Crooks' involvement in the conspiracy.

As to potential errors in sentencing, Mr. Crooks' counsel notes the district court did not err in any of its calculations. Furthermore, although Mr. Crooks requested a downward departure, the district court's refusal to depart after acknowledging its authority to do so is not subject to review by this court. Finally, Mr. Crooks' counsel notes, the district court imposed a sentence at the low end of the guideline range.

Although Mr. Crooks does not in his own brief raise the argument he made at trial regarding the unconstitutionality of 21 U.S.C. § 841 and U.S.S.G. § 2D1.1, Mr. Crooks' counsel points out we have consistently held the penalty provisions in those sections do not violate equal protection or due process, *United States v. Thurmond*, 7 F.3d 947, 951-52 (10th Cir. 1993), and are not void for vagueness, *United States v. Turner*, 928 F.2d 956, 960 (10th Cir. 1991).

Similarly, although Mr. Crooks does not in his own brief raise the argument he made below regarding ineffective assistance of counsel, Mr. Crook's counsel notes that such claims should generally be raised in a petition for habeas corpus

relief, rather than on direct appeal. *See, e.g.*, *Massaro v. United States*, 123 S. Ct. 1690, 1695 (2003); *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

In his pro se brief, Mr. Crooks makes two additional arguments. Neither is perfectly clear, but as best we can discern, the first is based on alleged inconsistencies between a witness' trial testimony and an agent's narration of that testimony to the grand jury. Mr. Crooks has not actually alleged that he was refused the right to have the grand jury minutes made available for his counsel to inspect for inconsistencies. Nor can we find any indication in the record of a request for such minutes or a refusal by the court to allow such an inspection of them. Although we construe pro se arguments liberally, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we are not obliged to hunt through the record to find support for any litigant's argument. *See Steele v. Thiokol Corp.*, 241 F.3d 1248, 1250 n.1 (10th Cir. 2001); *Adler v. WalMart Stores, Inc.*, 144 F.3d 644, 672 (10th Cir. 1998). Nonetheless, our review of the record indicates that the court entered an order permitting disclosure of grand jury material, rec., vol. I, doc. 183, and that Mr. Crooks received relevant transcripts of the grand jury proceedings, *id.* doc. 241 at 2; *id.* doc. 290 at 6; rec., vol. II, doc. 296 at 7. Moreover, Mr. Crooks acknowledged before trial that he had "received all the discovery available in the case regarding his conduct from the United States

-4-

Government." Rec., vol. II, doc. 351 at 2. Thus, to the extent we comprehend Mr. Crooks' first argument, we find it lacks any foundation and is frivolous.

As to the second argument, Mr. Crooks may be alleging a violation of his right to confront witnesses. If that is the case, our review of the record establishes that both witnesses mentioned in his pro se brief testified at the trial, where Mr. Crooks' counsel had the opportunity to cross-examine them. *Id.*, doc. 920, attach. at 14-15. It is also possible to construe Mr. Crooks' argument as one challenging the credibility of these two witnesses, which aligns with Mr. Crooks' remarks on the subject at his sentencing hearing. Rec., vol. III at 10, 33-35. We do not disturb the credibility determinations of the district court unless they are clearly erroneous. *United States v. McIntyre*, 997 F.2d 687, 708 (10th Cir. 1993). No such error is apparent in this case. Mr. Crooks' second argument is thus frivolous as well.

After careful review of the entire proceedings, we agree with counsel that no non-frivolous grounds for appeal appear on this record. Accordingly, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-