United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-50463

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

WILLIAM ANDREW GREEN

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas
(03-CR-134)

Before SMITH, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The defendant, William Andrew Green, appeals his conviction for conspiracy to distribute, and possession with intent to distribute more than five kilograms of cocaine. 21 U.S.C. §§ 841(a)(1), 846. Green challenges his conviction on the ground that the trial court erred in denying his motion to suppress evidence obtained as a result of a traffic stop. Following a conditional

---

[*] Pursuant to 5ᵗʰ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵗʰ CIR. R. 47.5.4.

plea to the charges, Green appealed. Green asserts that the law enforcement officer who stopped him did not have probable cause or reasonable suspicion to further detain him after issuing a valid traffic citation. He also contends that his consent to search his vehicle was not voluntary, that the officer's seizure of cash found during the search was unreasonable, and that his sentence should be vacated under *United States v. Booker*, 125 S.Ct. 738 (2005).[1]

We hold that the officer did not detain Green following the issuance of the traffic citation. *See United States v. Sanchez-Pena*, 336 F.3d 431, 441-43 (5th Cir. 2003). Rather, Green gave his consent to further questioning in response to a request from the officer. This exchange occurred after the officer had returned Green's licence and registration, and while Green was walking away from the officer toward his own vehicle. Thus, the officer's request that Green answer further questions, and the questions that followed his assent were an "ordinary consensual encounter between a private citizen and a law enforcement official." *United States v. Turner*, 928 F.2d 956, 958 (10th Cir. 1991).

As for Green's other arguments, we find that the government has proven that Green's consent to the search of his vehicle was voluntary and that the officer had reasonable suspicion sufficient to support the seizure of the cash found in plain view during a consensual search. We also find that Green failed to preserve a

---

[1] Green makes several related arguments, which the Court finds unconvincing.

*Booker* objection in the district court, subjecting the issue to plain error review. *See United States v. Mares*, 402 F.3d 511 (5th Cir. 2005). Green has not made a showing that the error affected his substantial rights. *Id*. Therefore, we decline to vacate his sentence.

AFFIRMED.