FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

GARY ALLEN LOWE, JR.,

        Defendant-Appellant.

No. 11-3382
(D.C. No. 6:95-CR-10040-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

Gary Allen Lowe, Jr. appeals from the district court's denial of his motion to

terminate or modify his term of supervised release under 18 U.S.C. § 3583(e)(1). He

argues that the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat.

2372, which reduced the disparity between crack cocaine and powder cocaine

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentences from 100:1 to 18:1,[1] renders his underlying sentence violative of his Fifth Amendment due process and equal protection rights and Eighth Amendment right to be free from cruel and unusual punishment. As such, he contends the district court should have terminated or modified his supervised release. He further claims the district court abused its discretion in failing to address his constitutional challenges to his original sentence. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

Mr. Lowe was convicted of multiple offenses including possession with intent to distribute crack cocaine, possession with intent to distribute marijuana, and possession of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c). Mr. Lowe was sentenced to a term of 190 months in prison followed by a term of five years of supervised release. On Mr. Lowe's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), the sentence was modified to 168 months.

Mr. Lowe began his supervised release in July 2010. The United States Probation Office thereafter filed in the district court a Petition for Warrant or Summons for Offender Under Supervision, alleging violations by Mr. Lowe of the

---

[1] The FSA took effect on August 3, 2010. It increased the amount of crack cocaine necessary to trigger mandatory minimum terms of imprisonment which had the effect of lowering the 100:1 crack-to-powder ratio to 18:1. *See Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012).

conditions of his supervised release, including the use and possession of marijuana, and failing to report for drug testing. The probation officer recommended that Mr. Lowe's term of supervision be revoked.

Mr. Lowe responded with a motion to terminate or modify his supervised release pursuant to 18 U.S.C. § 3583(e)(1), but he did not address the alleged violations of his conditions of supervised release. As pertinent to this appeal, he sought, instead, termination or modification of his supervised release based in part on the FSA. Specifically, he noted that through passage of the FSA, Congress reduced sentencing for crack cocaine offenses relative to powder cocaine offenses. Accordingly, he asserted that because he had "over-served the term of imprisonment by 21 to 38 months" (in comparison to a person sentenced based on the FSA crack/powder ratio), his supervised release should be terminated. App. Vol. I, at 34. In making this request, he argued for retroactive application of the FSA. In the last paragraph of his motion, he claimed that enactment of the FSA "underscore[d] the position that the previous 100:1 cocaine to crack cocaine powder ratio constituted a violation of [his] Fifth Amendment due process rights" and "amounted to cruel and unusual punishment in violation of the Eighth Amendment." *Id*. And "[a]s a result there [was] additional legislative support for a termination or reduction of [his] supervised release." *Id*.

The government objected to Mr. Lowe's motion arguing that while termination or reduction of his supervised release was discretionary, there was "no reason" to

grant Mr. Lowe such relief given the violations of his supervised release conditions. *Id*. at 37. Notably, the government contended that Mr. Lowe's "discussion of the [FSA was] irrelevant to the question as to whether [Mr. Lowe] . . . violated supervised release." *Id*. at 36, n.1.

At a hearing on Mr. Lowe's motion, the district court rejected his arguments for termination or modification of his supervised release. Instead, based on Mr. Lowe's admission to his use and possession of marijuana, the district court found he had violated the terms of his supervised release and sentenced him to twelve months and one day imprisonment. This appeal followed.

## II.    Discussion

### A. Fifth Amendment Violation

Mr. Lowe argues on appeal that his modified original sentence violates his due process rights under the Fifth Amendment in light of the recent enactment of the FSA. Specifically, in support of his constitutional challenge, he argues that his pre-FSA sentence was substantially more severe compared to those defendants charged at the same time with cocaine powder offenses and that if he had been charged under the post-FSA sentencing scheme, he would have served between 21-38 fewer months in prison. "We review these constitutional challenges de novo." *United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006). He further argues for a strict scrutiny standard of review and asserts that the disparity resulting from the pre-FSA 100:1 ratio is not supported by a compelling government interest and even if

- 4 -

such a compelling interest existed, the 100:1 ratio is not closely fitted to that interest.
Mr. Lowe did not raise this specific argument below, and, thus we review for plain
error. *See United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).

We discern no error, let alone plain error. As a preliminary matter, the FSA is
inapplicable to Mr. Lowe because he was sentenced well before the Act's effective
date. *See Dorsey*, 132 S. Ct. at 2326 (holding that the more lenient penalty
provisions of the FSA are applicable to offenders who committed a crack-cocaine
crime before August 3, 2010 but were not sentenced until after August 3, 2010).
Second, as the government correctly states, constitutional challenges to the 100:1
ratio sentencing disparity based on alleged violations of due process guarantees under
the Fifth Amendment have been routinely rejected. Mr. Lowe's arguments are
foreclosed by binding Circuit precedent. *See United States v. Brooks*, 161 F.3d 1240,
1247 (10th Cir. 1998) (holding that 100:1 ratio's distinction between crack cocaine
and powder cocaine violates neither Fifth Amendment rights to due process and equal
protection nor Eighth Amendment right to be free from cruel and unusual
punishment); *United States v. Angulo-Lopez*, 7 F.3d 1506, 1508-09 (10th Cir. 1993),
*superseded on other grounds as recognized in United States v. Kissick*, 69 F.3d 1048,
1053 (10th Cir. 1995) (upholding constitutionality of sentencing distinction between
crack cocaine and powder cocaine on equal protection grounds); *United States v.
Turner*, 928 F.2d 956, 959-60 (10th Cir. 1991) (holding that different penalties for

cocaine base and cocaine in its other forms under 100:1 sentencing scheme does not violate Fifth Amendment due process guarantees).

On appeal, Mr. Lowe acknowledges the precedent regarding his constitutional claims and yet asks this court to revisit that precedent because the FSA has "altered the landscape" of federal cocaine sentencing. Aplt. Br. at 11. But we are bound by precedent upholding the constitutional validity of sentencing disparities between crack cocaine and powder cocaine absent en banc reconsideration or a superseding contrary decision by the Supreme Court. *Brooks*, 161 F.3d at 1247. And contrary to Mr. Lowe's characterization, the Supreme Court's decision in *Kimbrough v. United States* did not hold that the 100:1 ratio is constitutionally infirm. *See Kimbrough v. United States*, 552 U.S. 85 (2007).[2]

## B. Eighth Amendment Violation

Mr. Lowe asserts that his modified original sentence violated his right to be free from cruel and unusual punishment under the Eighth Amendment in light of the FSA. As with his due process challenge, he urges reconsideration of binding precedent that is contrary to his claim. On appeal, he further claims he served 21-38 more months in prison than a similarly situated defendant sentenced under the post-FSA scheme. There are aspects of his argument, however, that were not

---

[2]     Though *Kimbrough* did discuss the disparate treatment of crack and powder cocaine by federal sentencing laws, it did not involve or address a constitutional challenge to that disparity. *See* 552 U.S. at 91-92.

specifically presented to the district court.  Again, reviewing his arguments either de novo or for plain error, we find no error.

Arguments such as Mr. Lowe's, that the 100:1 sentencing ratio runs afoul of the Eighth Amendment have consistently been rejected by this court and others.  *See Brooks*, 161 F.3d at 1247 (holding that circuit precedent foreclosed argument that the "distinction between powder and crack cocaine violates . . . Eighth Amendment right to be free from cruel and unusual punishment").  As with Mr. Lowe's due process challenge, we are bound by precedent.  And his urging of this court to reconsider its precedent in light of the FSA is unavailing.  *See e.g.*, *United States v. Speed*, 656 F.3d 714, 720 (7th Cir. 2011) (rejecting claim that life sentence for crime involving over 50 grams of crack, imposed under pre-FSA statutory scheme, violated Eighth Amendment noting that "Congress's amendment to the statutory penalties does not transform the preexisting penalty scheme into a cruel and unusual one").  Mr. Lowe's modified original sentence did not violate the Eighth Amendment.  *See United States v. Williams*, 576 F.3d 1149, 1165 (10th Cir. 2009) (holding that concurrent life sentences for distribution of more than fifty grams of cocaine did not violate Eighth Amendment).

### C. Failure to Rule

Lastly, Mr. Lowe asserts that the district court abused its discretion in failing to rule on his argument that his supervised release should be terminated or modified because passage of the FSA supports his contention that his original sentence was

violative of the Fifth and Eighth Amendments. We disagree that the district court failed to rule on Mr. Lowe's constitutional challenges. Even if the district court did not rule, however, we would nevertheless affirm because, as previously stated, we are bound by precedent.

The district court's order is AFFIRMED. Appellee's request for a "Violation Report" is denied as MOOT.

Entered for the Court


Stephen H. Anderson
Circuit Judge