**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALLAN DALE LONG,

    Defendant-Appellant.

No. 98-3192

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 96-CR-40046)
(993 F.Supp. 816)

Submitted on the Briefs:[*]

Jackie N. Williams, United States Attorney, and T.G. Luedke, Assistant United States Attorney, Topeka, Kansas for Plaintiff-Appellee.

David J. Phillips, Federal Public Defender, and Charles D. Dedmon, Assistant Federal Public Defender, Topeka, Kansas for Defendant-Appellant.

Before **BALDOCK**, **BRORBY**, and **KELLY**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BALDOCK**, Circuit Judge.

_____

Defendant Allan Dale Long appeals the district court's denial of his motion to suppress evidence. Defendant argues that Topeka police officers violated the Fourth Amendment when they seized three garbage bags from atop a trailer parked near his garage. After the district court denied his motion to suppress, Defendant entered a conditional guilty plea on one count of possession of a firearm, in violation of 18 U.S.C. § 922(g). See Fed. R. Crim. P. 11(a)(2). The district court sentenced him to 188 months of imprisonment and five years of supervised release. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

## I. Background

In April 1996, Topeka, Kansas police officers Bruce Voigt and Tom Pfortmiller received an anonymous tip about drug activity at 2400 SE Michigan Street in Topeka, Kansas. At the time, Defendant rented the property and resided there in a house with an attached garage. The property was bordered on the north by 24th Street and on the east by an alley. The attached garage faced 24th Street and was located on the east side of the house, approximately sixteen feet from the western edge of the alley. A trailer with a camper shell ("trailer") was parked in a grassy area between the attached garage and the alley. This trailer was located seven feet east of the garage, and three feet from the western edge of the alley. No fence or barrier separated the trailer from the alley.

In response to the anonymous tip, the officers tried to find an informant to make a

controlled purchase at the residence. Because none of their informants knew Defendant, the officers could not make a controlled purchase. Therefore, the officers decided to examine Defendant's trash for evidence of drug activity. During surveillance of the premises, Officer Voigt observed trash bags on the trailer on a Thursday and noted that the bags were gone the next day. From this, he surmised that Defendant placed his garbage on the trailer for pick-up by the garbage collector.

The next week, Officer Voigt and two other officers, driving south on the alley, stopped next to the trailer. The two officers left the vehicle, stepped onto Defendant's property and removed three dark-colored garbage bags from atop the trailer. The officers placed the bags in the car, took them to police headquarters and searched them. Based on the evidence found in the bags, the officers obtained a search warrant for Defendant's house. During the search, officers found methamphetamine, cash, and several firearms. Authorities subsequently charged Defendant with illegal possession of the firearms and intent to distribute methamphetamine.

Defendant filed a motion to suppress evidence, arguing that the officers obtained the trash bags, and thus the evidence to support the search warrant, in violation of the Fourth Amendment. During the evidentiary hearing on the motion, Bill Allensworth, a garbage collector for Shawnee County, Kansas, testified that he had an agreement with Defendant to pick up his trash from the top of the trailer. Allensworth stated that sometimes there were also trash bags near the garage but that he did not pick up trash

3

bags that were not on the trailer. Defendant testified that the trash bags he kept next to the garage contained "plants," "mulch and stuff." Defendant explained that he placed the trash bags on the trailer because he "had trouble with critters and stuff around my house. . . . There had been a lot of people and stuff running around in back of my house, and stuff got knocked over, so I started putting my stuff up high so that the people wouldn't be getting into it." Defendant also testified that he had contacted the police a few times about people "being around in the back of my house in the alley" and that if he caught anyone rummaging through his trash bags, he would "run them off."

After hearing the evidence, the district court held that, although a close call, the trailer was parked outside the curtilage of Defendant's home. The district court also held that regardless of whether the trailer was outside the curtilage, Defendant lacked a reasonable expectation of privacy in the trash bags.

## II. Analysis

When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government. United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998). We accept the district court's factual findings unless those findings are clearly erroneous. United States v. Villa-Chapparo, 115 F.3d 797, 801 (10th Cir. 1997). The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court. Id. Keeping in mind that the

4

burden is on the defendant to prove that the challenged seizure was illegal under the Fourth Amendment, United States v. Ludwig, 10 F.3d 1523, 1526 (10th Cir. 1993), the ultimate determination of reasonableness under the Fourth Amendment is a question of law reviewable de novo. Hunnicutt, 135 F.3d at 1348.

The Fourth Amendment protects people from unreasonable searches of their "persons, houses, papers, and effects." U.S. Const. amend. IV. A warrantless search of Defendant's garbage bags was unreasonable under the Fourth Amendment if Defendant "had a subjective expectation of privacy in [the] garbage that society accepts as objectively reasonable." California v. Greenwood, 486 U.S. 35, 37 (1988).

## A. Curtilage

In determining whether the officers' conduct violated the Fourth Amendment, we first consider whether the trash bags were within the curtilage of the home. If they were not, then no Fourth Amendment violation occurred. See United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir. 1993) (only curtilage of the home warrants the Fourth Amendment protections that attach to the home itself). The district court's factual determination that the bags were located outside the curtilage is subject to a clearly erroneous standard of review. See id.

"Curtilage is the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life." Oliver v. United States, 466 U.S. 170, 180 (1984) (internal quotations omitted). To determine whether an area falls within

5

the home's curtilage, we consider four factors: (1) the proximity of the area to the home; (2) inclusion of the area within an enclosure surrounding the home; (3) the nature of the uses of the area; and (4) steps taken by the resident to protect the area from observation by persons passing by. See United States v. Dunn, 480 U.S. 294, 301 (1987). These factors are but "analytical tools" used to determine the ultimate question of "whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." Id.

Applying these factors to this case, we hold that the trailer was located outside the curtilage of the home. The record contains scant evidence regarding the trailer's proximity to the house. The record does show that the trailer was seven feet from the attached garage. The trailer was closer, however, to the alley than the garage. The district court found that "[a]s a practical matter, the trailer was positioned as close to the public alleyway as it could have been without actually resting in the alley." Nothing in the record disputes this finding. Furthermore, no fence or other barrier enclosed the trailer or the home. Nor does the record indicate that Defendant attempted in any way to shield this area from public view. In fact, the record indicates that passersby on the public alleyway had ready access to this area. Defendant also did not demonstrate that he used this area as his backyard or for another activity "associated with the intimate activity associated with the sanctity of a man's home." Oliver, 466 U.S. at 180 (internal quotations omitted). Indeed, it is difficult to imagine anyone using an area in which

6

garbage was regularly deposited for the intimate activities of the home.  Cf. United States v. Swepston, 987 F.2d 1510, 1515 (10th Cir. 1993) (using area for raising chickens indicated that area was not being used for intimate activities of the home).  Based upon these facts, the district court's determination that the trailer was outside the curtilage is not clearly erroneous.

## B. Reasonable Expectation of Privacy

Even if we were to conclude that the trash bags were within the curtilage, Defendant would not prevail.   Whether the officers violated the Fourth Amendment does not depend solely on curtilage.  See United States v. Shanks, 97 F.3d 977, 979-80 (7th Cir. 1996).   Defendant must still show that he had a reasonable expectation of privacy in the trash bags.  See Greenwood, 486 U.S. at 39; Shanks, 97 F.3d at 979.  Defendant fails to do so.

In garbage cases, Fourth Amendment reasonableness turns on public accessibility to the trash.  See Greenwood, 486 U.S. at 41.   Society does not recognize a reasonable expectation of privacy in "trash left for collection in an area accessible to the public." Id. In Greenwood, the defendant had placed his trash at curbside for collection.  A trash collector picked up the trash and turned the bags over to the police.  Id. at 37.  A search of the bags revealed evidence of drug activity, which officers used to secure a warrant to search the defendant's home.  Id. at 38.  Applying Greenwood to the circumstances of this case, we conclude that Defendant exposed the garbage bags to the public to such a degree

7

that he defeated his Fourth Amendment claim. See id. at 41.

In this case, the trailer with the garbage bags was parked only three feet from the alley. Defendant's placement of the trash bags so close to the alley made the garbage "readily accessible and visible from a public thoroughfare." Shanks, 97 F.3d at 980 (holding no reasonable expectation of privacy in garbage containers placed between garage and alleyway). As the district court found, anyone traveling down the alley could have reached up and snatched the bags. Indeed, Defendant testified that he had complained to the police about people "being around in the back of my house in the alley."

Nor does Defendant's special arrangement with the garbage collector result in a reasonable expectation of privacy. The agreement merely designated a location for trash pick-up. The location was not secluded or difficult to reach. It was near the alley and no fence or other barrier separated the trash from the alley. Defendant purposefully placed the trash bags on the trailer, near the alley, for collection. See United States v. Redmon, 138 F.3d 1109, 1113 (7th Cir. 1998) (en banc) (upholding seizure of trash bags from the front of joint garage on shared driveway, where the defendant purposefully placed trash bags there for collection). This placement exposed the trash, not just to the garbage collector, but to anyone traveling down the alleyway. Society simply does not recognize a reasonable expectation of privacy in trash such as this – "trash left for collection in an area accessible to the public." Greenwood, 486 U.S. at 41.

8

Furthermore, the fact that the police, not the garbage collector, removed the bags from the trailer does not give rise to a reasonable expectation of privacy. By placing the trash on the trailer for collection, Defendant exposed it to all passersby, including the police. See Shanks, 97 F.3d at 980. Once Defendant put his trash on the trailer, adjacent to a public thoroughfare for collection, he defeated any reasonable expectation of privacy in the garbage. See Greenwood, 486 U.S. at 40. Consequently, the officers did not violate the Fourth Amendment when they removed the trash bags from the trailer.

AFFIRMED.