**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDDIE MARTINEZ,

      Defendant-Appellant.

No. 99-2044
(D.C. No. CR-98-226-LH)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, **EBEL**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore this case was by order of September 2, 1999 submitted on the briefs, "through agreement of the parties," after the case had previously been set for oral argument on September 24, 1999.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On April 9, 1998, Eddie Martinez, the defendant, was charged in the United States District Court for the District of New Mexico in a four-count indictment as follows: Count 1 - unlawful possession with an intent to distribute 100 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); Count 2 - unlawful possession with an intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); Count 3 - possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and Count 4 - possession of a different firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Martinez filed a motion to suppress the use at trial of items taken in a search of his residence and automobile pursuant to a search warrant, which warrant, he claims, was invalid since it was based on items taken by the police from his trash can in violation of his Fourth Amendment rights. The government filed a response to the motion to suppress in which it alleged that in seizing certain items from Martinez' trash can there was no violation of Fourth Amendment rights, and that accordingly the warrant was valid and the drugs and firearms found in Martinez' trailer home and Nissan automobile were lawfully seized.

After an evidentiary hearing, which will be discussed later, the district court denied the motion to suppress, whereupon by a plea agreement, Martinez pleaded guilty to Counts 1 and 3 of the indictment and the government agreed to dismiss Counts 2 and 4 at

the time of sentencing. Martinez reserved his right to appeal the district court's denial of his motion to suppress. Fed. R. Crim. P. 11(a)(2). Martinez was sentenced to imprisonment for 97 months and by this appeal he challenges the district court's denial of his motion to suppress. We affirm.

In reviewing a district court's denial of a motion to suppress, we spoke in *United States v. Long,* 176 F.3d 1304, 1307 (10th Cir. 1999) concerning our standard of review as follows:

> When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government. We accept the district court's factual findings unless those findings are clearly erroneous. The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court. Keeping in mind that the burden is on the defendant to prove that the challenged seizure was illegal under the Fourth Amendment, the ultimate determination of reasonableness under the Fourth Amendment is a question of law reviewable de novo.
> The Fourth Amendment protects people from unreasonable searches of their "persons, houses, papers, and effects." A warrantless search of Defendant's garbage bags was unreasonable under the Fourth Amendment if Defendant "had a subjective expectation of privacy in [the] garbage that society accepts as objectively reasonable." (citations omitted.)

The evidentiary hearing on Martinez' motion to suppress was an extensive one, Martinez calling six witnesses, including himself, and the government calling four law enforcement officers. It was Martinez' basic position that the trash can in question was

located at the side of his trailer home, well within curtilage,[1] and that some person or persons unknown to him had moved the trash can outside a chain-link fence in the front yard and had placed it either on the curb or in the sidewalk area. The government's counter position was that the trash can was first observed by the authorities outside the chain-link fence at or near the curb and sidewalk, and that Officer Klein of the Grants, New Mexico police district, in the company of Officer Aragon of the New Mexico State Police, seized two trash bags from the partially open trash can which bags were later determined to contain drug paraphernalia. Based on the items found in the two trash bags, the authorities then obtained a search warrant and the ensuing search of Martinez' trailer home and automobile disclosed the drugs and firearms which, in turn, formed the basis for the present prosecution. In the trial court, and in this court, Martinez only challenges the seizure of the trash bags from the trash can, which, he claims, invalidates the ensuing search warrant.

Where the trash can was located is a question of fact. Martinez' evidence at the suppression hearing permitted the inference that the trash can was located at the side of Martinez' trailer home, and that someone, possibly even Klein or Aragon, moved it

---

[1]**curtilage**. The land or yard adjoining a house, usually, within an enclosure. Under the Fourth Amendment, the curtilage is an area usually protected from warrantless searches. See open-fields doctrine. Cf. Messuage. BLACK'S LAW DICTIONARY, 389 (7th ed. 1999).

       **messuage**. A dwelling house together with the curtilage, including any outbuildings. See Curtilage. *Id.* at 1004.

outside the chain-link fence and placed it on the sidewalk, near the curb. However, the district court, as the finder of fact, was not required to so find. Rather, the district court chose not to believe Martinez' witnesses and to believe Officers Klein and Aragon, who testified that they first saw the trash can outside the chain-link fence at or near the curb and sidewalk. The state of the record supports the district court's resolution of the question of the location of the trash can, and we should not disturb it. To do so, would inject us into the fact finding field.[2] In sum, the findings of fact are not clearly erroneous. *Long* at 1307.

In accord with *Long,* we conclude that the district court was correct in holding that the trash cans here involved were located outside the "curtilage" of Martinez' trailer home and, as the district court observed, there was no evidence to suggest that Klein or Aragon removed the trash cans from the curtilage. In addition, as we also indicated in *Long*, even if the trash cans here in question were within the "curtilage," Martinez had to "still show that he had a reasonable expectation of privacy in the trash bags." *Id. at* 1308.

In support of our disposition of this matter, *see also California v. Greenwood,* 486 U.S. 35, 39 (1987), where the Supreme Court held that the Fourth Amendment does not prohibit a warrantless search and seizure of garbage left at the curb outside the house,

---

[2]Counsel argues that the testimony of certain government witnesses at the hearing on the motion to suppress was, in some degree, conflicting and was also, in some degree, inconsistent with their own prior statements. Such, if correct, would be matters to be resolved by the fact finder, i.e., the district court, not an appellate court.

unless the defendant could show a subjective expectation of privacy in their garbage that society accepts as objectively reasonable. In this connection, the Supreme Court went on to add that Society does not recognize a reasonable expectation of privacy in trash left for collection in an area accessible to the public. *Id.* at 41.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge