**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY LOWE,

Defendant - Appellant.

No. 99-3061
(D. Ct. No. 95-10040-01)
(D Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McWILLIAMS**, and **KELLY**, Circuit Judges.

Defendant was convicted after a jury trial of various drug and weapon violations.

He filed a timely appeal to challenge two rulings by the district court and the sufficiency

of the evidence on certain counts. We exercise jurisdiction pursuant to 28 U.S.C. § 1291

and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

**I.**

Defendant's convictions stem from three arrests over a four-year period. On June 2, 1994, Wichita patrolman Blake Mumma responded to a report of a domestic incident involving a handgun. Defendant was not at the scene but was identified as a suspect. Later that day, Mumma observed defendant and another individual riding in a vehicle. Mumma, who was driving his squad car at the time, began to follow the vehicle. Mumma noticed the vehicle either make a right turn from the left lane without signaling or make a lane change without signaling. Mumma then activated his siren and emergency lights, but the vehicle accelerated. Mumma pursued the vehicle and observed defendant throw a handgun and package from the passenger window. The vehicle eventually stopped, and a backup officer found the gun and package. The gun was loaded, and the package contained marijuana and crack cocaine. The police arrested defendant for carrying a loaded firearm and for possession of drugs.

On September 5, 1997, Topeka police detective Jimmy Moore responded to a report of a domestic disturbance. The victim reported that her boyfriend had assaulted her and was vandalizing her house. When Moore arrived at the residence, he saw a van parked in the driveway with several people in it. Moore sent his partner to locate the victim while he remained to watch the van and residence for activity. Approximately one minute later, Moore's partner returned with the victim. At about the same time, defendant exited the van and approached a car which had just pulled up to the curb. Moore's

partner indicated that defendant was the alleged assailant and ordered defendant to stand by the parked police car. As Moore approached the police car, defendant walked around to the other side. Moore ordered defendant to stop, but defendant instead knelt down and put his hand under the police car. Defendant then stood up and continued to move away from Moore, apparently still holding something in his hand. At one point, defendant tried to put something into his mouth. Moore eventually wrestled defendant to the ground with the assistance of other officers. The officers noticed a bag containing crack cocaine under defendant's body and arrested him on the scene.

Finally, on March 24, 1998, Topeka police officer Kent Biggs observed a vehicle make a right turn without signaling. As he approached the vehicle, Biggs saw that a sheet of plastic filled in for the rear driver's side window and that the rear windshield had been shattered. Biggs was unable to see the driver at this point. As Biggs followed the car, he called the dispatcher to check the vehicle tags. Dispatch informed Biggs that there were warrants outstanding on the registered owner, a female. Biggs could not determine the sex of the driver from his vantage, and he signaled the vehicle to stop. After several blocks, the vehicle pulled over. Defendant was driving the car, and there were no passengers. Biggs asked for a driver's license, but defendant said he did not have one. Defendant identified himself as Mike Martin but could not produce any type of identification card. Biggs smelled marijuana on defendant and in the vehicle. Defendant identified the owner of the car, and Biggs contacted the owner for further information.

The owner informed Biggs that her boyfriend, Tyrone Walker, had possession of the vehicle. She provided a physical description of Tyrone Walker which matched the defendant. Police dispatch determined that there were three outstanding felony warrants for a Tyrone Walker of defendant's apparent age, and Biggs arrested defendant based on these warrants. A subsequent search of the vehicle revealed marijuana, crack cocaine and a firearm.

## II.

The government prosecuted defendant for ten drug and weapon violations relating to the three arrests. Prior to trial, the district court denied defendant's motion to suppress all physical evidence seized during the arrests and any tests or results of tests regarding the seized evidence. Defendant now appeals from this ruling.

"When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government. We accept the district court's factual findings unless those findings are clearly erroneous." United States v. Long, 176 F.3d 1304, 1307 (10th Cir.), cert. denied, 120 S. Ct. 283 (1999). However, "the ultimate determination of reasonableness under the Fourth Amendment is a question of law reviewable de novo." Id.

The 1994 and 1998 arrests both originated with traffic stops. Thus, the district court properly analyzed these encounters under the principles applicable to "investigative detentions" as announced in Terry v. Ohio, 392 U.S. 1 (1968). See United States v.

- 4 -

Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998) (analyzing traffic stops under Terry principles). Both stops were justified at the inception because both were "based on an observed traffic violation." United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc). The officers then properly expanded both detentions beyond their original purpose, since the officers had acquired an objectively reasonable and articulable suspicion of criminal activity. Hunnicutt, 135 F.3d at 1349. Defendant's 1997 arrest originated with an investigative detention outside a residence. The police also properly expanded this detention once defendant evaded detective Moore and attempted to dispose of an unknown package. The district court thoroughly analyzed these arrests in its memorandum and order. Thus, for substantially the reasons contained therein, we affirm the lower court's denial of defendant's motion to suppress.

### III.

Defendant was convicted after a jury trial on nine of ten counts. On appeal, he contends that there was insufficient evidence to support the convictions related to his 1994 arrest. Defendant faces a "high hurdle" with this challenge. United States v. Voss, 82 F.3d 1521, 1524 (10th Cir. 1996). "To evaluate whether the evidence is sufficient to support a jury's verdict, this court must review the record de novo and ask only whether, taking the evidence - both direct and circumstantial, together with the reasonable inferences to be drawn therefrom - in the light most favorable to the government, a reasonable jury could find [Defendant] guilty beyond a reasonable doubt." United States

v. Jenkins, 175 F.3d 1208, 1215 (10th Cir.), cert. denied, 120 S. Ct. 263 (1999) (internal quotation marks and citation omitted).

Defendant, relying on his own trial testimony and that of the other passenger, contends that it was the driver who threw the drugs and gun from the moving car on June 2, 1994. This testimony, he argues, undermines the convictions on count 1 (possession of crack cocaine with the intent to distribute); count 2 (possession of marijuana with the intent to distribute); count 3 (possession of a firearm in relation to a drug trafficking crime); and count 4 (unlawful receipt of a firearm by one charged with a felony). However, the officer on scene, Blake Mumma, testified at trial that he saw defendant throw the drugs and gun out the window. The government also presented evidence that the quantity of drugs seized and the manner in which the drugs were packaged indicated drug distribution, not personal use. Faced with seemingly inconsistent proof, our role is clear. In reviewing the sufficiency of the evidence, "we accept the jury's resolution of claimed conflicts in the evidence and their assessment of the credibility of witnesses." United States v. Hinkle, 37 F.3d 576, 578 (10th Cir. 1994). We therefore affirm defendant's convictions stemming from his 1994 arrest.

## IV.

Finally, defendant argues that the district court erred in dismissing his motion for severance. Federal Rule of Criminal Procedure 8(a) permits, in part, the joinder of

offenses that "are of the same or similar character." The alleged misjoinder of offenses under Rule 8 is a question of law subject to de novo review. United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir. 1997). However, "we construe Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." Id.

Aside from the provisions of Rule 8, the district court retains authority to grant severance under Fed. R. Crim. P. 14 if defendant (or the government) will be prejudiced by joinder of the offenses. Defendant filed a motion for severance under Rule 14, arguing two theories of prejudice. The district court denied the motion. "Whether to grant severance under Rule 14 rests within the discretion of the district court and the burden on defendant to show an abuse of discretion in this context is a difficult one." Johnson, 130 F.3d at 1420 (internal quotation marks and citation omitted).

Defendant first claims prejudice from the cumulative impact of evidence on ten criminal charges stemming from three different arrests. Defendant relies upon Lucero v. Kerby, 133 F.3d 1299 (10th Cir. 1998), to support this claim. The Lucero court did observe in dicta that a "jury may . . . confuse or cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." Id. at 1314 (internal quotation marks and citation omitted). However, that court ultimately found that the defendant had not made the required showing of prejudice from joined

charges involving different criminal incidents.[1] The Lucero court found that there was "nothing in the record indicating the jury was unable to compartmentalize the evidence with respect to each count. . . . Different witnesses testified concerning the different offenses, and the issues were relatively simple." Id. at 1316.

The same is true here. Different law enforcement personnel testified about each criminal episode. Furthermore, the jury could not reach a unanimous verdict on one count, proof positive that joinder did not confuse the issues for them. The district court thus did not abuse its discretion in denying defendant's Rule 14 motion on this ground. See also United States v. Muniz, 1 F.3d 1018, 1023 (10th Cir. 1993) (upholding joinder of offenses on direct review where the "counts were separate and distinct, and the evidence presented at trial was not too confusing or unfairly overlapping").

Defendant argues a second theory of prejudicial joinder. Two of the ten counts charged defendant with unlawful receipt of a firearm by a felon or one charged with a felony. On these counts, defendant's prior felony charge and conviction were essential elements of the government's case. Defendant argues that the prior conviction and charge were inadmissible evidence as to the eight other counts, and as such sufficiently prejudicial to mandate severance.

---

[1] The defendant in Lucero petitioned the court for habeas relief. To obtain federal habeas relief, a petitioner must not only establish that the trial court abused its discretion by joining the offenses but also "that the joinder violated his federal constitutional rights." Lucero, 133 F.3d at 1313. While the Lucero court applied a higher standard of proof than we do, its analysis of prejudicial joinder is nonetheless helpful in analyzing this case.

Here, defendant relies upon United States v. Valentine, 706 F.2d 282 (10th Cir. 1983), and here again defendant elevates dicta above the holding of the case. In Valentine, we recognized the "persuasiveness" of a Third Circuit guideline under which "severance should be granted where evidence of the prior conviction would be admissible on one or more counts but inadmissible on others." Id. at 290. However, the Valentine court declined to follow this guideline on facts almost identical to the facts of this case. The defendant in Valentine was also tried jointly for drug possession with intent to distribute and unlawful receipt of a firearm by a felon. We found no prejudicial joinder because "the charges grew out of the defendant's own conduct" and the "prior conviction was not given unnecessary or undue emphasis at trial." Id. Here, defendant is singularly responsible for all the charged conduct. In fact, defendant fled while on bond for charges relating to the 1994 arrest. He therefore committed the 1997 and 1998 crimes while a fugitive from the law. In addition, defendant stipulated to the prior felony conviction and charge, thereby shielding the jury from the prejudicial details of his prior activity. Finally, the district judge issued a limiting instruction to the jury, directing them not to view the prior conviction and charge as proof that defendant was guilty of the charged offenses. Both the court and counsel adequately safeguarded defendant from any prejudice inherent in the joinder of these multiple offenses. We therefore find that the district court did not abuse its discretion in denying defendant's Rule 14 motion on this ground.

**AFFIRMED**

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge