**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS VIDRIOS,

Defendant - Appellant.

No. 01-4180
D.C. No. 2:00-CR-425-C
(D. Utah)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BALDOCK** , and **HENRY** , Circuit Judges.

Juan Carlos Vidrios was charged with one count of possession of

methamphetamine with intent to distribute (Count I), and with one count of

possession of marijuana with intent to distribute (Count II), both in violation of

21 U.S.C. § 841(a)(1). After entering a plea of not guilty, Mr. Vidrios moved to

suppress the evidence discovered by the highway patrol trooper who had stopped

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Vidrios. The district court denied the motion to suppress. Mr. Vidrios subsequently entered a conditional plea of guilty to Count I and was sentenced to 57 months' imprisonment, followed by 60 months' supervised release. Mr. Vidrios now appeals, and, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

On August 25, 2000, at approximately 10:50 a.m., Utah Highway Patrol Trooper Steve Salas noticed an eastbound vehicle with heavily tinted widows that he suspected violated Utah's window-tinting regulation, Utah Stat. Ann. § 41-6-149. Trooper Salas followed the vehicle and, after pacing the car, noted that the driver was also speeding. Trooper Salas initiated a traffic stop, approached the driver's side of the vehicle, and knocked on the window.

When Mr. Vidrios rolled down the window, the trooper smelled a strong odor of air freshener coming from the car. Trooper Salas also noticed irregular paneling on the middle console, and spotted some energy drink containers and fast food wrappers on the front passenger seat and floor. Mr. Vidrios supplied Trooper Salas with his Colorado driver's license and a Colorado registration in the name of Victor Vargas. The trooper questioned Mr. Vidrios regarding his residence, his place of employment, and his travel plans.

Mr. Vidrios stated that he lived in Westminster, Colorado. He said he worked in construction, but, he could not readily supply the company's name, as he had been there for only two weeks. Trooper Salas thought it odd that Mr. Vidrios would be traveling after just starting a new job. Mr. Vidrios stated he had been vacationing with friends and they were returning from Las Vegas, and that he had left approximately thirteen hours earlier. Trooper Salas believed Las Vegas to be much closer but mentally noted that Los Angeles was approximately thirteen hours away. Trooper Salas also noticed that none of Mr. Vidrios's friends materialized and that Mr. Vidrios did not seem concerned about their whereabouts.

Trooper Salas also inquired about the identity of the registered owner of the vehicle. Mr. Vidrios thought the car was owned by a man named Ezequel Lares, whom Mr. Vidrios identified as a co-worker. Mr. Vidrios claimed he did not know the actual registered owner, Mr. Victor Vargas.

Trooper Salas explained the suspected window-tinting violation and asked Mr. Vargas to step out of the car and to stand behind it. Trooper Salas asked if Mr. Vidrios had any drugs or weapons in the car. Mr. Vidrios responded "No, there's only junk." Supp. Rec. vol. II, at 9:59:22 (videotape).

In an effort to confirm that Mr. Vidrios was in lawful possession of the vehicle, Trooper Salas contacted dispatch to try to clear up the registration

confusion. Dispatch reported that Mr. Vidrios's license was valid and that the vehicle, registered to Mr. Vargas, had not been reported stolen. Trooper Salas asked dispatch to try to contact Mr. Vargas to confirm this information.

Trooper Salas issued a warning citation to Mr. Vidrios and returned Mr. Vidrios's documents to him. Trooper Salas then asked Mr. Vidrios several more questions, none of which are at issue in this appeal. At the conclusion of the questioning, Trooper Salas asked if he might search the car. Mr. Vidrios consented to a search of the entire vehicle. The search revealed marijuana under the cushion of the back seat and marijuana and methamphetamine in a compartment in the passenger side air bag.

## II. DISCUSSION

In reviewing the district court's denial of Mr. Vidrios's motion to suppress, we view the evidence in the light most favorable to the district court's determination and accept the factual findings of the district court unless they are clearly erroneous. *United States v. Wood*, 106 F.3d 942, 945 (10th Cir. 1997). Our ultimate determination of reasonableness under the Fourth Amendment is a question of law that we review de novo. *See id.*

A traffic stop is a "seizure" within the meaning of the Fourth Amendment, *United States v. Anderson*, 114 F.3d 1059, 1063 (10th Cir. 1997), and such a stop

is properly analyzed as an investigative detention that must be supported by a reasonable, articulable suspicion that criminal activity is afoot. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989). Applying the principles of *Terry v. Ohio*, 392 U.S. 1, 20 (1968), we evaluate the reasonableness of the stop based on "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.*

Mr. Vidrios concedes the initial stop was valid. On appeal, the only relevant issue for inquiry is whether it was reasonable, given the circumstances, to detain Mr. Vidrios for questioning that was unrelated to purpose of the initial stop.[1] After reviewing the record in the light most favorable to the government, considering the totality of the circumstances and deferring to the district court's assessment of the credibility of the witnesses, we conclude that the district court's factual findings are not clearly erroneous. *See, e.g., United States v. Long*, 176 F.3d 1304, 1307 (10th Cir. 1999). Upon de novo review of the legal question presented, *see United States v. Caro*, 248 F.3d 1240, 1243 (10th Cir. 2001), we agree with the district court's ultimate determination of reasonableness under the Fourth Amendment.

---

[1] On appeal and before the district court, Mr. Vidrios also argues that if the detention was invalid, his subsequent consent "was a product flowing from the invalid detention." Aplt's Br. at 53. Because we agree with the district court that the detention was lawful, we need not address this issue.

The district court properly concluded that Trooper Salas reasonably suspected the car might be stolen because (1) Mr. Vidrios was not the registered owner of the car, (2) Mr. Vidrios admitted that he did not know the party to whom the vehicle was registered, and (3) Mr. Vidrios claimed an unknown third party owned the car. Trooper Salas was therefore justified in detaining Mr. Vidrios for additional questioning. *See United States v. Hunnicutt,* 135 F.3d 1345, 1349 (10th Cir. 1998) (noting that further detention was justified by factors such as "having no proof of ownership of the vehicle [and] having no proof of authority to operate the vehicle"). Because we may "affirm the district court for any reason that finds support in the record," *see Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1233 (10th Cir. 2000), we need not address the alternative reasons given by the district court to uphold the detention of Mr. Vidrios.

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Vidrios's motion to suppress.

Entered for the Court

Robert H. Henry
Circuit Judge