**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

DAVID ROJAS MUNIZ,

　　　　Defendant - Appellant.

No. 03-4186

D. Utah

(D.C. No. 2:02-CR-124-TS)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **ANDERSON** , and **EBEL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

David Rojas-Muniz was arrested at his home on December 11, 2001, pursuant to an arrest warrant, as part of a task force operation seeking to

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

apprehend those suspected of using false documentation to obtain employment at Salt Lake International Airport. Following the arrest, Mr. Rojas-Muniz, in response to the arresting officer's questions, indicated the location of his Social Security card and resident alien card. The officer then seized both cards as evidence. The cards were later determined to be counterfeit, and Mr. Rojas-Muniz was charged with two counts of knowingly possessing counterfeit documents in violation of 18 U.S.C. § 1546(a).

Mr. Rojas-Muniz moved to suppress the cards at trial on the basis that the arresting officer had failed to give him *Miranda*[1] warnings before asking the questions that led to the seizure of the cards. Following a hearing, the district court denied the motion to suppress. A jury found Mr. Rojas-Muniz guilty on both counts, and he was sentenced to sixty months probation. Mr. Rojas-Muniz now appeals the district court's denial of his motion to suppress.

In reviewing the denial of a motion to suppress based on an alleged *Miranda* violation, "we accept the factual findings of the district court unless they are clearly erroneous and view the evidence in the light most favorable to the district court's ruling." United States v. Toro-Pelaez, 107 F.3d 819, 826 (10th Cir. 1997) (citation omitted). "'The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within

---

[1]See Miranda v. Arizona, 384 U.S. 436, 479 (1966).

the province of the district court.'" United States v. Castorena-Jaime, 285 F.3d 916 (10th Cir. 2002) (quoting United States v. Long, 176 F.3d 1304, 1307 (10th Cir. 1999)).

Here, the district court found the arresting officer's testimony at the suppression hearing credible. Based on this testimony, the court specifically found that the officer, who speaks Spanish, "read [Mr. Rojas-Muniz] his rights in Spanish, following along on a *Miranda* warning card he keeps in his wallet," at the time of the arrest, before asking Mr. Rojas-Muniz about his papers. R. Vol. I doc. 57 at 2. Accordingly, the court found that "the government has met its burden, by a preponderance of evidence, of showing that [Mr. Rojas-Muniz] was given a proper *Miranda* warning." Id. at 3.

Mr. Rojas-Muniz claims that the officer's testimony alone is insufficient evidence for a finding that *Miranda* was satisfied because the officer did not state in his testimony, nor does other evidence indicate, "exactly what was stated or what was contained on the card," nor was the card itself introduced into evidence. Appellant's Br. at 5. There are cases in which courts have held that the government failed to meet its burden of proving that adequate Miranda warnings were given where the arresting officer failed to testify concerning the specific content of the warnings. See, e.g., Moll v. United States, 413 F.2d 1233, 1238 (5th Cir. 1969) ("The government's burden may not be met by presumptions or

inferences that when police officers read to an accused from a card they are reading Miranda warnings or that what is read, without revelation of its contents, meets constitutional standards."); United States v. Gilmer, 793 F. Supp. 1545, 1555 (D. Colo. 1992) ("[O]nly with specific testimony can the court decide whether the officers conveyed all of the proper warnings . . . ."); Ex parte Price, 725 So. 2d 1063 (Ala. 1998) ("In the absence of any evidence indicating the contents of the form that was read to Price or explaining [the arresting officer's] understanding of what rights must be explained to a suspect, we are forced to conclude that there was no evidence from which the court could have properly concluded that Price was advised of each of the rights established in *Miranda* . . . ."). However, we decline to establish a bright line rule in this circuit whereby a trial court's denial of a motion to suppress may be overturned based solely on the lack of specific testimony at the suppression hearing. See United States v. Klein, 592 F.2d 909, 914 (5th Cir. 1979) (declining to require specific testimony of warnings' content where the defendant admitted warnings were given and arresting officer testified he read from a card containing "the standard Miranda warnings").

Under the circumstances here, we conclude that the district court's finding that the *Miranda* warnings were read was not clearly erroneous based on the evidence before it. The arresting officer testified at the suppression hearing that

he read Mr. Rojas-Muniz his rights from a " *Miranda* card," which had the *Miranda* warnings written in English on one side and in Spanish on the other. R. Vol. II at 25, 35, 37. Although the card was not admitted into evidence, the officer produced it on the stand, and it was examined at that time by Mr. Rojas-Muniz's attorney. Id. at 37. The fact that neither the government nor Mr. Rojas-Muniz's attorney asked the officer to read the warnings printed on the card or otherwise explain the content of the warnings given indicates to us that the primary dispute here was not over the content of the warnings but over whether any warnings had been given at all. While Mr. Rojas-Muniz denied that he had been read any warnings, the district court credited the arresting officer's version of events rather than Mr. Rojas-Muniz's. The court did not clearly err in doing so or in drawing the reasonable inference, in the absence of any allegation to the contrary, and in light of its finding that the officer read the warnings from a pre-printed *Miranda* card, that the warnings given were indeed the standard *Miranda* warnings.

For the foregoing reasons, the district court's denial of the motion to suppress is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge