F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH DANIEL VERVYNCK,

    Defendant-Appellant.

No. 02-3428
(D.C. No. 02-CR-40029-01-JAR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Joseph Daniel Vervynck appeals the denial of his motion to suppress evidence. Defendant entered a conditional guilty plea to one count of possession of a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In January 2002, Officer M.T. Brown sought a search warrant for defendant's residence at 1342 Connecticut, Lawrence, Kansas. In his affidavit in support of the search warrant, Officer Brown stated that in September 2001 a confidential informant told him in a face-to-face interview that he had known defendant for at least five years and that defendant lived at 1342 Connecticut. The informant stated that defendant owned a silver 9mm handgun, was unemployed, and supported himself by selling marijuana and cocaine. The affidavit also detailed Officer Brown's January 2002 face-to-face interview with Jason Bowden, who reported that he and defendant had an ongoing dispute over rent owed and that defendant threatened him with assault several times in January 2002. Bowden had known defendant at least ten years and had lived in the basement of defendant's residence at 1342 Connecticut for the preceding four months. Bowden stated that defendant was unemployed and sold drugs from his residence, and that he hid the drugs in stereo speakers, toilet paper rolls, Crown Royal bottles, and a shed located behind the residence. Bowden stated he had seen cocaine hidden in a toilet paper roll in the bathroom of defendant's residence at 1342 Connecticut the night before giving his statement to Officer Brown. Bowden also stated that he had seen defendant in possession of his girlfriend's silver and black 9mm Ruger handgun on at least three occasions and

2

that the gun was stored in a dresser drawer in defendant's bedroom. Bowden stated that defendant's girlfriend had purchased the gun after she and defendant were victims of a home invasion robbery.

Officer Brown also stated in the affidavit that, during surveillance of the 1342 Connecticut residence for a period of over one year, defendant had been seen entering and leaving the residence at all times of the day and night; that defendant had been booked into the county jail in December 2001 and listed his address as 1342 Connecticut; that in March 2001, defendant and his girlfriend reported a home invasion robbery at 1342 Connecticut; that after the robbery, defendant's girlfriend had purchased a 9mm Ruger P95 handgun on March 23, 2001; and that defendant had been convicted in 1996 of attempted sale of marijuana. Based on the affidavit, a search warrant was issued for the residence and the shed behind the residence. The warrant authorized the seizure of marijuana, cocaine, pills described as ecstasy or valium, drug paraphernalia, documents recording the sale, delivery, and possession of drugs, firearms and ammunition along with documents relating to their purchase or ownership, and various items of personal property that belonged to Bowden. The search resulted in the discovery of cocaine and a firearm.

## II.

In reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in the light most favorable to the government. United States v. Long, 176 F.3d 1304, 1307 (10th Cir. 1999). We accept

the court's factual findings unless those findings are clearly erroneous.  Id.  We will not reweigh the evidence, second-guess the court's credibility assessments, or question the court's "reasonable inferences" drawn from the evidence.  Id.  The ultimate determination of reasonableness under the Fourth Amendment is a question of law which we review de novo.  Id.

Defendant argues that the affidavit in support of the search warrant did not provide a basis for probable cause because Officer Brown did not establish either the confidential informant's or Bowden's credibility and did not independently corroborate the allegations of criminal activity made by either individual.  In making a probable cause determination, the court "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [it], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  A reviewing court owes great deference to a court's finding of the existence of probable cause to issue a warrant.  See United States v. Le, 173 F.3d 1258, 1265 (10th Cir. 1999).  "[W]e need only ask whether, under the totality of the circumstances presented in the affidavit, the . . . judge had a 'substantial basis' for determining that probable cause existed."  United States v. Tuter, 240 F.3d 1292, 1295 (10th Cir. 2001).  "When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant."  United States v.

4

Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000).

Officer Brown independently corroborated that defendant resided at 1342 Connecticut; that defendant was seen entering and leaving the residence at all times of the day and night; that defendant was a convicted felon; that defendant and his girlfriend reported a home invasion robbery at 1342 Connecticut; and that defendant's girlfriend purchased a 9mm handgun soon after reporting the robbery. In addition, in separately-conducted face-to-face interviews, the confidential informant and Bowden corroborated each other that defendant possessed a 9mm handgun, was unemployed, and received most of his income from the sale of marijuana and cocaine. See Le, 173 F.3d at 1266 (stating that consistency between the reports of two independent informants helps to validate both accounts). Under the totality of the circumstances presented in the affidavit, we conclude there was a substantial basis for determining the existence of probable cause. Because we affirm the district court's finding that the warrant was supported by probable cause, we need not address the good faith exception announced in United States v. Leon, 468 U.S. 897, 920-24 (1984).

Defendant also argues "that the search warrant was overly broad, in that it authorized the seizure of common household items, which could not be readily identified as associated with illegal activity." Aplt. Br. at 6. "The Fourth Amendment requires that search warrants 'particularly describ[e] the place to be searched, and the person or things to be seized.'" Le, 173 F. 3d at 1267. "The Fourth Amendment requires that a search

5

warrant describe the things to be seized with sufficient particularity to prevent a general exploratory rummaging in a person's belongings." United States v. Campos, 221 F.3d 1143, 1147 (10th Cir. 2000).

In rejecting defendant's argument, the district court stated:

> The items defendant refers to are the items Bowden identified as his own personal property, which the defendant refused to return to him because of their dispute over rent. Although these charges are not filed in this Court, the search warrant includes evidence of criminal threats, aggravated assault and theft, as well as evidence of drug distribution and criminal possession of firearms. Based on the information provided to Officer Brown by the complaining victim Bowden, the inclusion of these items of Bowden's personal property was well within the scope of the search warrant.

ROA, Doc. 30 at 6. The search warrant did not "authoriz[e] an unfocused inspection of all of [defendant's] property." Campos, 221 F.3d at 1147. In addition to listing items which would be evidence of drug distribution and illegal firearm possession, the search warrant listed a limited number of personal items, most of which Bowden stated belonged to him and were located in the basement of the residence where he had lived for four months.

Defendant argues the district court held that "the warrant was overly, if not fatally, broad." Aplt. Br. at 14 (quoting ROA, Doc. 30 at 1). Although the district court did make this opening statement in its order, it specifically determined that "[b]ased on the information provided to Officer Brown by the complaining victim Bowden, the inclusion of these items of Bowden's personal property was well within the scope of the search warrant." ROA, Doc. 30 at 6. We reject defendant's overbreadth claim for substantially

6

the same reasons as stated in the district court's order denying suppression.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge